UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **BRAD BISHOP** | § | |
| **Plaintiff** | § | |
| **vs.** | § | **CIVIL ACTION NO. 7:19-cv-220** |
| | § | |
| **CREEK PIPE COMPANY, LLC AND** | § | |
| **JOHN MULDROW** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Brad Bishop ("Plaintiff") files this Original Complaint against Defendants Creek Pipe Company, LLC and John Muldrow ("Defendants"), as follows:

## I. PRELIMINARY STATEMENT

1.      John Muldrow is the president and owner of Creek Pipe Company, LLC, which was the former employer of Plaintiff. Plaintiff was hired December 18, 2017 as a field superintendent and then as an operations manager, until he was fired on September 2, 2019. Plaintiff was paid a salary for the first year and four months he was employed at Defendants, and for the last six months, roughly beginning in March or April of 2019, Plaintiff was switched from a salary to hourly pay. As a field superintendent and then as an operations manager, Plaintiff was required to travel to and work in New Mexico regularly. During his time with Defendants, Plaintiff never received overtime pay for his hours worked over 40 in a given work week. After Mr. Bishop complained about not being paid overtime, on the same day, he was terminated, in a clear act of retaliatory discharge by Defendants.

2.      Defendants have violated the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22(D) ("NMMWA") by failing to pay Plaintiff overtime at the legally required rate. Plaintiff brings this lawsuit to recover overtime pay and all over available remedies under the NMMWA.

3.      Plaintiff also brings a claim to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA"). Defendants have willfully committed widespread violations of the FLSA by failing to pay him for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

4.      Plaintiff also brings a claim for retaliation under the FLSA, 31 U.S.C. §§ 3729-33, and NMMWA whereby Defendants took an adverse employment action against him. Plaintiff seeks all available remedies to which he is justly due.

## II. PARTIES

5.      Plaintiff Brad Bishop is an individual residing in Texas.

6.      Defendant John Muldrow is an individual residing in Texas. Defendant Muldrow may be served at PO Box 120188, Arlington, Texas 76012, or where found.

7.      Defendant Creek Pipe Company, LLC is a Texas corporation with its principle place of business in Midland, Texas. Creek Pipe may be served through its registered agent for service of process, Abigail W. Sikes, 5310 Harvest Hill Rd., Ste. 260, Dallas, Texas 79705, or where found.

### III. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9.      This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV. COVERAGE FACTS

11.     At all relevant times, Defendants acted as the employer with respect to Plaintiff. Defendants were responsible for all decisions related to the wages to be paid to Plaintiff, the work to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensation policies with respect to Plaintiff.

12.     At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14.     At all relevant times, Plaintiff was an employee for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

15.     Creek Pipe Company, LLC is a pipeline construction company in the oil and gas industry that has teams of fusers, crew leaders, heavy equipment operators, and field superintendents that install and service pipelines of any size or length to different parts of West Texas and New Mexico. On information and belief, Defendants typically have 30 - 50 employees working on any given day.

16.     Every week, or virtually every week, the Plaintiff worked for Defendants from December 18, 2017 until September 2, 2019, Plaintiff worked more than 40 hours per week. As a field superintendent and then as an operations manager, Plaintiff regularly traveled to New Mexico, with approximately one-third of his time being spent in New Mexico. Plaintiff averaged working at least 80 hours per week while employed by Defendants. After noticing discrepancies in his receipts, Plaintiff called John Muldrow to discuss the issues. Plaintiff said he was owed tens of thousands of dollars in overtime, and that he was owed this money. After hanging up the phone, Plaintiff received a call the same day from John Muldrow who said Plaintiff was terminated, effective immediately, for "lack of dedication."

17.     No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA and/or the NMMWA.

18.     Defendants failed to make a good faith effort to comply with the FLSA and/or the NMMWA. Instead, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation. Plaintiff is entitled to liquidated damages for such conduct.

19.     Despite Plaintiff routinely working over 40 hours per week, Defendants failed to pay him an overtime premium at a rate of one-and-one-half times his regular rate for all hours worked in excess of 40 per workweek.

20.     Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA and/or the NMMWA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

## COUNT 1: VIOLATIONS OF NMMWA - UNPAID OVERTIME

21.     Plaintiff incorporates all allegations previously made in this Complaint.

22.     Plaintiff is entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.M. Stat. Ann. § 50-4-22(D).

23.     During the relevant time period, Defendants violated the NMMWA by failing to pay Plaintiff for all hours worked and failing to pay overtime wages at a rate of at least one-and-a-half times his regular rate of pay.

24.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from a loss of income and other damages.

25.     Plaintiff is entitled to treble damages, prejudgment interest, all costs in bringing this action, and all attorney's fees and court costs that are recoverable under the NMMWA. Moreover, Plaintiff requests that this lawsuit encompass all violations that occurred as a part of Defendants' continued course of conduct regardless of the date on which they occurred.[1]

## COUNT 2: RETALIATION UNDER THE NMMWA

26.     Plaintiff incorporates all allegations previously made in this Complaint.

27.     It is a violation of the NMMWA for an employer or any other person to discharge, demote, deny promotion to or in any other way discriminate against a person in the terms or conditions of employment in retaliation for the person asserting a claim or right pursuant to the NMMWA or assisting another person to do so or for informing another person about employment rights or other rights provided by law. As set forth herein, Defendants have violated NMMWA 50-4-26.1 by discharging, retaliating, or in any other way discriminating against Plaintiff in his place of employment for asserting a claim or right pursuant to the NMMWA. Plaintiff was terminated for raising concerns about being owed overtime pay,[2] and such conduct is a direct violation of rights deemed protected under the NMMWA.

---

[1] Under the NMMWA, "[a] civil action to enforce any provision of [the NMMWA] may encompass all violations that occurred as part of a continuing course of conduct regardless of the date on which they occurred." *See* NMSA 1978 § 50-4-32.

[2] In so doing, Plaintiff was both "asserting a claim or right pursuant to the [NMMWA]" and "informing another person about employment rights or other rights provided by law," and thus was engaging in protected activity.

28.     Plaintiff has also suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses.  He is therefore entitled to an award of compensatory damages, for which he now sues.

29.     Defendants acted with gross negligence, malice or reckless indifference to Plaintiff's protected rights under the NMMWA.   He is therefore entitled to recover punitive damages, for which he now sues.  Alternatively, Plaintiff seeks treble damages and/or liquidated damages.   Plaintiff also seeks all attorney's fees and court costs that are recoverable under NMMWA.

30.     Alternatively, should the Court find that reinstatement of Plaintiff is feasible, Plaintiff seeks this remedy, together with back pay, attorney's fees and all other available remedies requested herein.

## COUNT 3: VIOLATIONS OF FLSA - UNPAID OVERTIME

31.     Plaintiff incorporates all allegations previously made in this Complaint.

32.     Plaintiff was a non-exempt employee of Defendants and is entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

33.     Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

34.     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## COUNT 4: RETALIATION UNDER THE FLSA

35.     The foregoing allegations are incorporated herein by reference.

36.     As set forth herein, Defendants have violated section 15(a)(3) of the FLSA by terminating Plaintiff after he made complaints regarding his unpaid overtime. Plaintiff participated in an activity protected under the FLSA and Defendants took an adverse employment action against him.

37.     On or about September 2, 2019, Plaintiff spoke with Mr. Muldrow about being owed overtime and demanded to be paid for such overtime, Mr. Muldrow hung up the phone and shortly thereafter, Mr. Muldrow called him back and told him he was being terminated "for lack of dedication." Plaintiff had never been disciplined or otherwise counseled for "lack of dedication," or any other similar allegations.   Accordingly, Plaintiff is entitled to an award of back pay, front pay, and other equitable relief with prejudgment interest on all monetary relief.

38.     Plaintiff has also suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses.  He is therefore entitled to an award of compensatory damages, for which he now sues.

39.     Defendants acted with gross negligence, malice or reckless indifference to Plaintiff's federally protected rights.   He is therefore entitled to recover punitive and/or liquidated damages, for which he now sues.

40.     Plaintiff is entitled to his attorney fees, expert witness fees and court costs as allowed under the FLSA and/or other applicable state or federal law.

41.    Alternatively, should the Court find that reinstatement of Plaintiff is feasible, Plaintiff seeks this remedy, together with back pay, attorney's fees and all other available remedies requested herein.

## VII. DESIGNATION OF EXPERT WITNESS

42.    Plaintiff designates the following individual as an expert witness in this case:

> Josh Borsellino
> Borsellino, P.C.
> 1020 Macon St., Suite 15
> Fort Worth, Texas 76102
> T: (817) 908-9861
> F: (817) 394-2412

As permitted under the FLSA and the NMMWA, Plaintiff seeks attorney's fees and case expenses incurred in the prosecution of this matter. Mr. Borsellino may provide expert opinion testimony regarding the reasonableness and necessity of the attorney's fees and expenses incurred by Plaintiff in connection with this action. Mr. Borsellino's biography is publicly available at https://dfwcounsel.com/biography/.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded all relief requested herein, including:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses, as well as back wages and front wages (or, alternatively, reinstatement);

c. Treble, liquidated and/or punitive damages;

d.  Attorney's fees, costs and expenses; and

e.  Pre- and post-judgment interest at the highest rates allowed by law.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Morgan Scott
State Bar No. 24106412
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com
       morgan@oilfieldovertime.com